IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES of AMERICA                                             PLAINTIFF/RESPONDENT

V.                              No. 13-10007
                                No. 17-01029

CLAUDIE J. MILLER, JR.                                                 DEFENDANT/PETITIONER

### MAGISTRATE JUDGE REPORT and RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (Doc. 267) filed April 24, 2017. The United States of America filed a Response (Doc. 269) on June 2, 2017.

### I.  Background

On March 6, 2013, Claudie J. Miller, Jr. ("Miller") was named in Counts One, Two, Eight, Fourteen, and Fifteen of a Fifteen-Count Indictment filed in the Western District of Arkansas, El Dorado Division. (Doc. 1). Count One charged Miller with conspiracy to distribute methamphetamine; Count Two charged Miller with conspiracy to distribute more than 280 grams of "crack cocaine"; Counts Eight and Fifteen charged Miller with using a telephone to facilitate the distribution of a controlled substance; and Count Fourteen charged Miller with distributing more than 50 grams methamphetamine.

On July 2, 2013, Miller pleaded guilty to Count One of the Indictment. (Doc. 81). The signed Plea Agreement (Doc. 81) included a Waiver of Appellate and Post-Conviction Rights. According to the Final PSR, Miller was accountable for more than 15 kilograms of methamphetamine. This quantity of methamphetamine resulted in a base offense level of 38.

(Doc. 92, 103; PSR, ¶ 33). Miller received a 2-level enhancement as his offense involved committing the offense as part of a pattern of criminal conduct engaged in as a livelihood and another 2-level enhancement for being a leader, organizer. (Id., ¶¶ 36 and 38). This resulted in Miller's adjusted offense level increasing to 42. (Id., PSR, ¶ 40). Additionally, Miller was found to be a career offender based on convictions for robbery and delivery of a controlled substance. Due to the defendant's status as a career offender, Miller received no adjustment to the offense level, but his criminal history category was established as VI. (Id., PSR, ¶¶ 41, 59). After receiving 3-levels off for acceptance of responsibility, Miller's total offense level came out to be 39. (Id., PSR, ¶ 44). Based upon a total offense level of 39 and a criminal history category of VI, Miller's guideline range was 360 months to life. (Id., PSR, ¶ 86). However, Miller's statutorily authorized maximum sentence was 20 years thus his guideline range was 240 months. (Id., PSR, ¶¶ 84 - 86).

Miller was sentenced by the Court in April 2014 to a term of 140 months after applying a five level downward departure from the greatest offense level equating to a sentence of 240 months, i.e., 33. Accordingly, the final total offense level was 28, which established a guideline range of 140 to 175 months. The Judgment was entered on April 23, 2014. (Doc. 144). The defendant did not appeal his sentence.

On April 24, 2017, Miller filed the instant Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 267) contending that he was improperly classified as a career offender (Id., p. 12). The court finds the Government's Brief to be well reasoned and persuasive and the reasons stated below the Defendant's claim is without merit.

## II. Discussion

### A. Statute of Limitations:

A one-year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Miller's conviction became final on May 7, 2014, when 14 days passed without filing an appeal. See Fed.R.App.P. 4(b)(1)(A) (indicating a defendant in a criminal case has 14 days to file a notice of appeal). Miller then had one-year, May 7, 2015, in which to file a motion under § 2255. Miller's initial § 2255 motion, filed April 24, 2017, falls approximately 1 years and 11 months outside of the one-year period and, because the judgment is well over one year old, it can only be timely if his assertion is based on a right that has "been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review."

The Defendant contends that the limitations period is extend because of the U.S. Supreme Court case of Mathis v. United States and the Firth Circuit case of United States v. Tanksley.

### 1. Mathis:

The Petitioner is basing his claim of a newly recognized rule on the case of *Mathis v.*

*United States,* 136 S. Ct. 2243 (2016). In Mathis, the Supreme Court held that enhancing the defendant's sentence under the Armed Career Criminal Act (ACCA) was improper, because the elements of the defendant's prior convictions of burglary were broader than the generic offense of burglary. 136 S. Ct. at 2257. However, the Supreme Court clearly indicated in Mathis that it was not announcing a new rule and its decision was dictated by prior precedent. 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."). See also *Teague v. Lane*, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final."); *Slaughter v. United States*, 2017 WL 1196483, *4 n. 2 (E.D. Mo. 2017) (the divisibility rule in Mathis is not a "new" rule). (See also *Dawkins v. U.S.*, 829 F.3d 549 (7th Cir, 2016) (Mathis did not announce such a rule; it is a case of statutory interpretation). [1]

      The Supreme Court has not expressly held that Mathias applies retroactively to cases on collateral review. The Supreme Court also has not suggested that Mathias announced a watershed rule of criminal procedure or that an infringement of the rule would seriously diminish the likelihood of an accurate conviction. The Defendant's claim that the Mathis case extends the limitations period is without merit.

    **2. Tanksley:**

    The Petitioner was convicted in Titus County, Texas on three counts of delivery of more that 1 gram but less than 4 grams of cocaine for which he was sentenced to two years imprisonment on each count, presumably to run concurrent (Doc. 103, p. 11) and this conviction

---

[1] The court also notes that the Defendant was not sentenced under the Armed Career Criminal Act (ACCA) which was the focus of Mathis.

was used to determine the Petitioner's career offender status. The Petitioner contends that the use of the Texas conviction was improper based upon the Fifth Circuit case of United States v. Tanksley, 848 F. 3d 347 (2017).

In Tanksley the fifth circuit held that "[s]ection 481.112(a) is an indivisible statute to which the modified categorical approach does not apply." Moreover, the Court found "[s]ection 481.112(a) "criminalizes a 'greater swath of conduct than the elements of the relevant [Guidelines] offense.'" Thus, the Fifth Circuit concluded that section 481.112(a) does not qualify as a "controlled substance offense under the Sentencing Guidelines." *Lott v. Willis*, No. EP-16-CV-514-DCG, 2017 WL 384074, at *4 (W.D. Tex. Jan. 26, 2017).

In *United States v. Gonzales*, the Fifth Circuit Court of Appeals held that a conviction for delivery of a controlled substance under § 481.112(a) was not a drug trafficking offense under the Guidelines. Further, in *United States v. Hinkle,* 832 F.3d 569, 574 (5th Cir. 2016), the Fifth Circuit added that "[t]he decision in Mathis plainly and unmistakably leads to the conclusion that the definition of 'delivery' in section 481.002(8), as authoritatively interpreted by the Texas Court of Criminal Appeals, sets forth various means of committing an offense and does not set forth in the disjunctive separate offenses."38 The Fifth Circuit concluded it could not, therefore, support an enhancement. Mathis, Gonzalez, Hinkle, and Tanksley, however, all involved direct and timely appeals of sentences.

Tanksley, however, did not create new precedent for the Eighth Circuit, nor does it constitute a retroactively applicable Supreme Court decision. Thus, Tanksley can be distinguished from the instant case because Tanksley's Mathis claim on direct appeal did not suffer the same time-bar issue that Miller's collateral appeal does. Id. at 349

Because the Petitioners claim falls well outside the limitations period set forth in the statute it is time barred.

### B. Evidentiary Hearing:

A petitioner is entitled to an evidentiary hearing on a habeas motion unless " 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.' " *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir.2005) (alteration in original) (quoting 28 U.S.C. § 2255). No hearing is required, however, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007) (internal quotation omitted). *Anjulo-Lopez v. U.S.* 541 F.3d 814, 817 (C.A.8 (Mo.),2008). See also *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir.1993). In this case it is clear that the Petition is time barred and there is no need for a hearing.

### C. Certificate of Appealability:

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir.1997). In this case the Defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, this Court should deny any request for a certificate

of appealability.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DISMISSED with PREJUDICE**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  June 14, 2017.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
U. S. MAGISTRATE JUDGE