IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              Case No. 1:13-cr-10007-003

CLAUDIE J. MILLER                                                           DEFENDANT

## ORDER

Before the Court is Defendant Claudie J. Miller's Motion for Compassionate Release. (ECF No. 329). The Court finds that no response is necessary and that the matter is ripe for consideration.

### I. BACKGROUND

On July 2, 2013, Defendant pleaded guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. On April 23, 2014, the Court entered a judgment, sentencing Defendant to a 140-month term of imprisonment, a 3-year term of supervised release, and a $100 special assessment.

On April 1, 2020, Defendant filed the instant *pro se* motion, seeking a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Section 603(b) of the First Step Act of 2018 (the "FSA"). He also asks the Federal Bureau of Prisons (the "BOP") to file a compassionate release motion on his behalf.

### II. DISCUSSION

As stated above, Defendant seeks a compassionate-release reduction of his sentence pursuant to the FSA. "A court's ability to modify a sentence after it has been imposed is extremely limited." United *States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *2 (N.D. Iowa Jan. 8, 2020). One way a court may modify a sentence is through "compassionate release," as outlined

in 18 U.S.C. § 3582(c)(1)(A), which was recently modified by the FSA. Pub. L. No. 115-391, 132 Stat. 5194, at 5239.

Defendant bears the burden of showing that compassionate release is appropriate. *United States v. Mitchell*, No. 5:10-cr-50067-001, 2020 WL 544703, at *1 (W.D. Ark. Feb. 3, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)). Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. 3582(c)(1)(A)(i). The Court must first determine whether Defendant's motion is properly raised. If so, the Court will reach the above-listed issues.

As a threshold matter, Defendant must satisfy certain procedural requirements before filing a compassionate-release motion. "Before the enactment of the FSA, a motion for compassionate release had to be filed by the Director of the [BOP] and an inmate could not unilaterally file one with the court." *Mitchell*, 2020 WL 544703, at *1. However, the FSA now permits an inmate to seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the BOP facility the defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the U.S. Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden of the defendant's BOP facility denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program.[1] 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

Defendant has not shown that he has exhausted the BOP's administrative process before filing the instant motion. He has not shown that he has even begun the administrative process by asking the warden of his BOP facility for compassionate release. In fact, it appears that his supporting brief asks the warden to do so, as it begins with what appears to be a letter dated January 22, 2020, asking Warden DeWayne Hendrix of FCI-Forrest City Low to file a motion for compassionate release on his behalf. Defendant provides no evidence of whether Warden Hendrix has received this request or made a decision on it, and if so, what action Defendant then took with respect to the BOP's appeal process. The Court cannot find from the record that Defendant has fully exhausted his administrative remedies with the BOP before filing this motion.

For this reason, the Court finds that Defendant lacks standing to bring this motion at the

---

[1] If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i).

moment, and thus, the Court cannot consider it. Defendant's motion should be denied without prejudice to his refiling the motion in the future if he exhausts his administrative remedies within the BOP. *See United States v. Mendoza*, No. CR103131DWFFLN, 2019 WL 6324870, at *4 (D. Minn. Nov. 26, 2019).

### III. CONCLUSION

For the above-discussed reasons, the Court finds that Defendant has not shown that he has fully exhausted his administrative remedies before filing the instant motion for a compassionate release. Accordingly, Defendant's motion (ECF No. 329) is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of April, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge