IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                    RESPONDENT

v.                              No. 1:13-cr-10007-002
                                No. 1:17-cv-01029

CLAUDE J. MILLER, JR.                                          MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Relief from Judgment or Order Under Rule 60(b)(1)(6) by Independent Action Pursuant to Rule 60(d)(1).  ECF No. 324.  This Motion was filed by Claudie J. Miller, Jr. ("Miller"), an inmate confined in Forrest City Low Federal Correctional Institution in Forrest City, Arkansas.  *Id.*  The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

1.   **Procedural Background**[1]:

On March 6, 2013, Miller was named in five counts of a fifteen-count Indictment in the Western District of Arkansas, El Dorado Division.  ECF No. 1.  On July 2, 2013, Miller pled guilty to Count One of the Indictment.  ECF No. 81.  Miller was sentenced by the Court in April of 2014 to a term of 140 months imprisonment.  ECF No. 144.  Miller did not appeal his sentence.

Thereafter, on April 24, 2017, Miller filed a motion pursuant to 28 U.S.C. § 2255.  ECF No. 267.  In this Motion, Miller claims he was improperly classified as a career offender.  *Id.*  United States Magistrate Judge James Marschewski considered Miller's claims but found they were barred

---

[1]The Honorable James R. Marschewski previously entered a Report and Recommendation denying Miller's 2255 Motion.  ECF No. 270.  That Report and Recommendation provided a detailed background of Miller's criminal proceedings in federal court.  The Court will not restate those facts here.

by the one-year statute-of-limitations.  ECF No. 270.  Judge Marschewski recommended denial of

the Motion.  On October 2, 2017, U.S. District Judge Susan O. Hickey adopted that Report and

Recommendation and dismissed Miller's claims.  ECF No. 276.  Miller filed a Notice of Appeal and

moved for a certificate of appealability.  ECF Nos. 280, 282.  His motion for certificate of

appealability was denied by this Court.  ECF No. 284.  On August 8, 2018, the United States Court

of Appeals for the Eighth Circuit also denied Miller's application for certificate of appealability.

ECF No. 301-1.

Thereafter, on August 29, 2019, Miller filed the current Motion for Relief from Judgment

Under Rule 60(b)(1)(6).  ECF No. 324.  With this Motion, Miller seeks relief as an "independent

action" in order to "reopen § 2255 proceedings."  *Id.*  Miller claims he is entitled to relief because

there was "government interference" that prevented the filing of his 2255 motion "within the allotted

time period because access to the law library was limited."  *Id.*  Miller claims these circumstances

qualify as "extraordinary" to entitle him to relief under Rule 60(b)(1)(6).  *Id.*

2.    **Discussion**:

Miller claims to be seeking relief pursuant to Rule 60(b)(1)(6) of the Federal Rules of Civil

Procedure.  ECF No. 324.  However, despite this characterization, this Court is under an obligation

to determine whether it is actually a second or successive 2255 Motion.  *See Boyd v. United States,*

304 F.3d 813 (8th Cir. 2002).  The Eighth Circuit has specifically directed such an initial inquiry:

"In order to establish a uniform procedure throughout the Circuit, we encourage district courts, in

dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ

a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a

brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to

a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254." *Id.* at 814.

To differentiate a 2255 action from a action pursuant to Rule 60(b), the relevant question is whether the movant is seeking relief from a judgment in a criminal case. *See, e.g., United States v. Mosavi,* 138 F.3d 1365, 1366 (11th Cir. 1998). If the movant is seeking that relief, the motion should be characterized as a 2255 motion, not a Rule 60(b)(1)(6) motion. *See id.* (recognizing "Rule 60(b) simply does not provide for relief from judgment in a criminal case").

In the present action, despite Miller's characterization that this motion is brought pursuant to Rule 60(b)(1)(6), Miller *is challenging* his underlying criminal case and seeks to reopen his 2255 proceedings. ECF No. 324. Notably, he claims his original 2255 motion was merited and his delay in filing his 2255 motion is justified because he did not have adequate access to the law library. *Id.*

As such, the Court finds Miller's current motion should actually be characterized as a 2255 motion and should be denied as a second or successive petition filed without authorization from the Eighth Circuit. Notably, Miller previously filed a 2255 motion. ECF No. 267. It was denied. ECF No. 276. Miller then filed the current motion which is properly characterized as a 2255 Motion. ECF No. 324. Under the Anti-Terrorism and Death Penalty Act or "AEDPA," Miller was required to obtain a certification by a panel of the Eighth Circuit prior to filing this 2255 motion. *See* 28 U.S.C. § 2244(b) (1996). This provision provides the following: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* (emphasis added).

In the present action, Miller did not seek such an authorization. Without such a certification, this Court has no jurisdiction over this case. *See, e.g., Boykin v. United States,* 242 F.3d 373 (8th

Cir. 2000) (recognizing a district court lacks jurisdiction when the defendant does not first seek a certification from the applicable court of appeals).   Accordingly, this 2255 motion should be dismissed as an unauthorized successive Motion.

**3.**    **Recommendation**:

Accordingly, based on the foregoing, it is recommended Miller's Motion for Relief from Judgment or Order under Rule 60(b)(1)(6) by Independent Action Pursuant to Rule 60(d)(1) be **DISMISSED** as a second or successive 2255 Motion.[2]  Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.  Because Miller has attempted to circumvent the well-established rules in filing 2255 Motions and has failed to comply with the requirement that he seek leave of the Eighth Circuit prior to filing a second or successive 2255 Motion, the Court also recommends Miller be **BARRED** from any further filings with the Court without first seeking leave prior to filing.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **5th day of May 2020.**

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[2]  "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984).*