IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                      RESPONDENT

v.                                    Case No. 1:13-cr-10007-002

CLAUDIE J. MILLER, JR.                                                           PETITIONER

## ORDER

Before the Court is the Report and Recommendation filed May 5, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 338). Judge Bryant recommends that the Court dismiss Petitioner Claudie J. Miller, Jr.'s Motion for Relief from Judgment Under Rule 60(b)(1)(6). Petitioner has objected. (ECF No. 340). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On April 23, 2014, the Court sentenced Petitioner to 140 months of imprisonment, followed by 3 years of supervised release and a $100 special assessment. On April 24, 2017, Petitioner filed a *pro se* motion to vacate under 28 U.S.C. § 2255. On October 2, 2017, the Court adopted a Report and Recommendation that Petitioner's motion be denied for being barred by the one-year statute of limitations. The Court dismissed Petitioner's section 2255 motion and declined to issue a certificate of appealability. On August 8, 2018, the Eighth Circuit also denied a certificate of appealability in connection with that motion.

On August 29, 2019, Petitioner filed the instant motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1)(6)[1] and 60(d). (ECF No. 2093). Petitioner seeks to

---

[1] There is no Rule 60(b)(1)(6), so the Court will construe the instant motion as moving generally under Rule 60(b) and its subparts.

reopen his previous section 2255 proceedings on the basis that alleged "government interference" prevented him from filing his motion to vacate within the one-year limitations period because his access to the law library was limited. Petitioner contends that these circumstances warrant relief under Rule 60(b).

On March 30, 2020, Judge Bryant issued the instant Report and Recommendation. Judge Bryant finds that, although the instant motion is styled as a Rule 60(b) motion, it is in fact a second or subsequent motion to vacate under 28 U.S.C. § 2255. Petitioner failed to obtain leave from the Eighth Circuit before filing his motion, and thus, Judge Bryant recommends that the Court dismiss the motion. Judge Bryant also recommends that the Court decline to issue a certificate of appealability. Finally, Judge Bryant recommends that the Court bar Petitioner from filing any further documents without first obtaining leave from the Court. On May 20, 2020, Petitioner filed objections.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). "[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). Recommendations that are not objected to are reviewed only for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

Pursuant to 28 U.S.C. § 636(b)(1), the Court will conduct a *de novo* review of all issues related to Petitioner's specific objections. Petitioner's sole objection is to Judge Bryant's finding that the instant motion should be construed as a second or successive section 2255 petition because Petitioner is challenging his underlying sentence and seeks to reopen the section 2255 proceedings for that purpose. Petitioner argues that the instant motion does not seek any relief regarding his underlying sentence but rather, seeks only to reinstitute his habeas proceedings.

As Judge Bryant correctly stated, once a prisoner has filed a motion to vacate pursuant to 28 U.S.C. § 2255 that is subsequently denied, he cannot then file a second or successive motion to vacate without first seeking leave from the Eighth Circuit. 28 U.S.C. § 2255(h). This is true even where the motion is styled as something other than a motion to vacate but clearly seeks to vacate a sentence. *United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam) (collecting cases).

There is no dispute that Petitioner previously filed a section 2255 motion, so he cannot bring a subsequent section 2255 motion unless he first obtains leave from the Eighth Circuit. It is also undisputed that he did not obtain leave from the Eighth Circuit before filing the instant motion. Thus, the only remaining question is whether the instant motion is correctly characterized as a motion to vacate under 28 U.S.C. § 2255. The instant motion moves under Rules 60(b) and 60(d)(1). The Court will address them in reverse order.

**A. Rule 60(d)(1)**

The Court will begin by addressing Petitioner's Rule 60(d)(1) request. Rule 60(d) authorizes the Court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). Independent actions under Rule 60(d) must "be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524

3

U.S. 38, 47 (1998) (internal quotation marks omitted). As a threshold matter, Petitioner has not filed an independent action, but rather has filed a motion in his section 2255 matter. He "therefore does not invoke Rule 60(d)(1) and is not entitled to relief under it." *Blackwell v. United States*, No. 4:99-cv-1687-CAS, 2009 WL 3334895, at *7 (E.D. Mo. Oct. 14, 2009). Petitioner's Rule 60(d) request is properly denied on that basis.

Perhaps more importantly, "[n]umerous decisions . . . hold that a post-dismissal motion under Rule 60(d) is a second or successive claim for relief under § 2255, for which the movant must obtain permission from the court of appeals prior to filing in the district court." *Blackwell v. United States*, No. 4:99-CV-1687 CAS, 2014 WL 340231, at *11 (E.D. Mo. Jan. 30, 2014) (collecting cases). "A party cannot relitigate in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action." *Maye v. United States*, No. 8:04-CR-321-T-30EAJ, 2010 WL 4279405, at *2 (M.D. Fla. Oct. 25, 2010) (dismissing a Rule 60(d)(1) motion to reopen section 2255 proceedings as a second or successive claim for relief under section 2255). As discussed above, it is undisputed that Petitioner did not obtain leave from the Eighth Circuit before filing this motion. Therefore, to the extent that Petitioner has properly invoked Rule 60(d), the request must be denied as a second or successive section 2255 motion.

### B. Rule 60(b)

"A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009). "For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an asserted federal basis for relief from a state court's judgment of conviction or as an attack on the federal court's previous resolution of the claim on the merits." *Id.* (internal quotation marks omitted). "[A] motion does not attack a federal court's determination on the merits if it merely asserts that a previous ruling

which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."[2] *Id.*

Petitioner seeks relief from the judgment denying his original section 2255 motion as time barred by the applicable statute of limitations. The Court's previous resolution of the habeas claim was not on the merits, so Petitioner's motion to reconsider that ruling does not present a new claim. Thus, the Court believes that the instant motion—to the extent that it moves under Rule 60(b)—is not a second or successive section 2255 motion. Thus, the Court will now determine whether it is appropriate to grant Petitioner's requested Rule 60(b) relief.

Rule 60(b) allows a district court to relieve a party from a judgment on the following narrow grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

---

[2] This reasoning is illustrated in *Gonzalez v. Crosby*, in which the petitioner moved for relief from judgment, challenging the district court's determination that his habeas petition was time barred. 545 U.S. 524, 526 (2005). The Supreme Court held that the motion was not a second or successive habeas petition because it only challenged the district court's ruling on the statute of limitations and did not assert a claim. *Id.* at 535-36. The Supreme Court specifically limited its holding in *Gonzalez* to the application of Rule 60(b) in habeas proceedings filed by state prisoners under 28 U.S.C. § 2254. *Id.* at 529 n.3. However, the Court "finds that the principles articulated in *Gonzalez* are applicable in this case, based on the similarities between the applicable rules and statutes." *See Blackwell*, 2009 WL 3334895, at *4 (comparing 28 U.S.C. § 2254 and 28 U.S.C. § 2255).

Fed. R. Civ. P. 60(b).  "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c).  "[T]he one-year time limit for motions based on Rule 60(b)(1)-(3) cannot be avoided by bringing the motion under Rule 60(b)(6)."  *Fuller v. United States*, No. 4:07-cv-34-CAS, 2013 WL 3480303, at *8 (E.D. Mo. July 10, 2013).  The provisions of Rule 60(b) are mutually exclusive, and if the reason offered for relief falls under one of the more specific subsections of Rule 60(b)(1-5), the reason will not justify relief under the catch-all provision of 60(b)(6).  *Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 863 n.11 (1988).

"Rule 60(b) authorizes relief in only the most exceptional of cases."  *In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007).  It is not meant to give parties an opportunity to re-argue their case or to tender new legal theories for the first time.  *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010); *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980).

Petitioner filed his initial section 2255 motion on April 24, 2017.  On June 16, 2017, a Report and Recommendation was issued, finding in part that his claim was filed after the one-year statute of limitations period and should be dismissed as time barred.  On July 3, 2017, Petitioner objected to that Report and Recommendation, but he did not argue that equitable tolling should apply because he lacked adequate access to a law library during the limitations period.  On October 2, 2017, the Court overruled Petitioner's objections and adopted the Report and Recommendation, thereby dismissing the initial section 2255 motion.

As discussed above, it is unclear which subpart of Rule 60(b) Petitioner moves under, but regardless, he has moved more than two years after his initial section 2255 motion was denied.  He has provided no explanation for the delay and does not explain why he could not have made his equitable tolling argument in 2017.

To the extent that Petitioner's motion falls under Rule 60(b)(1-3), it is untimely. To the extent that Petitioner's motion falls under Rule 60(b)(6), the Court finds it has not been filed within a reasonable time. The Court also sees no reason to allow Petitioner to use Rule 60(b) to make arguments for the first time that he could have raised over two years ago. For these reasons, Petitioner's Rule 60(b) request should be denied at the onset.

However, even if the Court allowed Petitioner to make his untimely argument, equitable tolling would not apply to his alleged circumstances. The Court may equitably toll the limitations period for section 2255 motions if Petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013). "Equitable tolling is an exceedingly narrow window of relief." *Id.* Lack of legal training and inadequate access to a prison law library usually does not present extraordinary circumstances justifying equitable tolling. *Curtis v. Kemna*, 22 Fed. App'x. 663, 664 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

Petitioner provides no specifics about the steps he took to diligently pursue his claims. He also does not explain how limited access to the law library prevented him from pursuing his claims, other than to say that he lacked legal training and that the prison law library was oftentimes crowded and difficult to access. These reasons, without more, do not demonstrate extraordinary circumstances warranting equitable tolling. *Curtis*, 22 Fed. App'x. at 664. Thus, Petitioner has not shown that equitable tolling should apply to him. For these reasons, the instant motion should be denied to the extent that it is made under Rule 60(b).

### C. Conclusion

In sum, the Court agrees with Judge Bryant's recommended outcome of dismissal, but for different reasons, as discussed above. The Court will adopt the Report and Recommendation to the extent that it recommends dismissal of the instant motion without prejudice to its refiling if,

7

and when, Petitioner obtains permission from the Eighth Circuit to do so. The Court notes that Petitioner does not object to the remainder of Judge Bryant's recommendations.[3] Finding no clear error on the face of those recommendations, the Court will adopt them, as well.

### III. CONCLUSION

For the above-discussed reasons and upon *de novo* review of the Report and Recommendation, the Court finds that Petitioner's objections offer neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Accordingly, the Court hereby overrules Petitioner's objections and adopts the Report and Recommendation. (ECF No. 338). Petitioner's Motion for Relief from Judgment Under Rule 60(b) (ECF No. 324) is hereby **DISMISSED**. No certificate of appealability shall issue.

The Clerk of Court is **DIRECTED** to docket no further motions from Petitioner in this case without prior approval from the Court. The Clerk shall inform the Court if any further motions are received from Petitioner in this case, and the Court will instruct the Clerk on whether to docket them. Until further order of this Court, the Clerk is directed to return to Petitioner any tendered motions in this matter that are not approved by the Court.

**IT IS SO ORDERED**, this 26th day of May, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[3] These include recommendations that no hearing is necessary to resolve Petitioner's motion, that no certificate of appealability should issue, and that Petitioner should be barred from filing further documents in this case without first obtaining leave of the Court.